**SO ORDERED.**
**SIGNED this 10th day of December, 2018**

_____
Suzanne H. Bauknight
UNITED STATES BANKRUPTCY JUDGE

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.**
**PLEASE SEE DOCKET FOR ENTRY DATE.**

_____

*IN THE UNITED STATES BANKRUPTCY COURT*
*FOR THE EASTERN DISTRICT OF TENNESSEE*
*NORTHERN DIVISION AT KNOXVILLE*

IN RE:

    **MICHAEL DULIN.**　　　　　　　　　　　Case No. 3:18-bk-33056-SHB
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13

    Debtor.

### ORDER TO CONVERT CASE FROM CHAPTER 7 TO CHAPTER 13

Michael Dulin, by and through counsel, moved the Court pursuant to 11 U.S.C. § 1307(a) to convert this case under Chapter 13 to a case under Chapter 7 of the Bankruptcy Code. The Motion is hereby granted.

IT IS HEREBY ORDERED THAT:

1. In accordance with Federal Rule of Bankruptcy Procedure 1017(f)(3), this case is deemed converted as of the date of the filing of the notice.

2. Any wage order previously entered by this court is vacated, and the employer or other entity must cease withholding income for payment to the trustee.

3. As provided in E.D. Tenn. LBR 2016-1(d), the attorney for the debtor(s) is awarded a fee in the amount of $3,135.00 for services rendered in this chapter 13 case.  This fee award is final

unless within fourteen days after entry of this order: (1) the debtor(s) or chapter 13 trustee files an objection to the fee award; or (2) counsel for the debtor(s) files an application pursuant to Fed. R. Bankr. P. 2016(a) requesting a fee higher than the amount awarded herein.  In accordance with E.D. Tenn. LBR 9013-1(c), (d)(1), and (f), any objection filed by the chapter 13 trustee or application filed by counsel for the debtor(s) should be accompanied by a proposed order, contain a certificate evidencing service upon the debtor(s), chapter 13 trustee, and/or counsel for the debtor(s), as appropriate, and be set for hearing.  Any objection filed by the debtor(s) will be set for hearing by the clerk and notice given.

    4.  As required by E.D. Tenn. LBR 1019-1(a), within 14 days of the date of this order, the debtor(s) must file:

    (a)  a schedule of unpaid debts incurred after the filing of the petition, including the name and address of each claim holder;

    (b)  a schedule of executory contracts and unexpired leases entered into or assumed after the filing of the petition;

    (c)  if unpaid debts were incurred or executory contracts or unexpired leases entered into postpetition, a supplemental master address list of creditors in the form required by E.D. Tenn. LBR 1009-1; and

    (d) such other amendments to the schedules, statements, and lists as are necessary to reflect any material additions, deletions, or other changes in the assets or liabilities of the debtor(s) that have occurred since the filing of the petition.

    5.  If required by 11 U.S.C. § 521(a)(2)(A), the debtor(s) must file within 30 days of the date of this order a statement of intention with respect to the retention or surrender of property of the estate securing consumer debts.

    6.  As required by E.D. Tenn. LBR 1019-1(b), within 30 days from entry of this order, the chapter 13 trustee must:

    (a)  pay first from any funds on hand any unpaid filing fee and second from any plan payments on hand, added to the estate by 11 U.S.C. § 1306(a)(1) and (2), the attorney fee awarded in paragraph 3 above along with any other previously awarded administrative expenses under 11 U.S.C. § 503(b), in the manner and as contemplated by E.D. Tenn. LBR 2016-1(d);

(b)  after payment of the expenses referred to the immediately preceding subparagraph, return to the debtor(s) through the attorney for the debtor(s) all remaining property in the possession of the chapter 13 trustee that was added to the estate by 11 U.S.C. § 1306(a)(1) and (2);

(c)  turn over to the chapter 7 trustee all records and property of the estate, as of the date of the filing of the petition, in the chapter 13 trustee's possession or control as required by Fed R. Bankr. P. 1019(4); and

(d)  file a final report and account, except that the filing of the final report may be delayed until either all checks mailed by the chapter 13 trustee in this case have cleared the bank or 120 days of the entry of this order, whichever first occurs, provided a preliminary report is filed within the 30-day period.

7.  In the event the chapter 13 trustee does not have sufficient funds on hand to pay the filing fee in full, the debtor is directed to pay the balance of the filing fee within 45 days from the conversion of the chapter 13 case to chapter 7.

###

**APPROVED FOR ENTRY:**

Respectfully submitted,

*/s/ Ryan E. Jarrard*
Ryan E. Jarrard, Esq.
BPR No. 024525
Attorney for debtor
**Quist, Fitzpatrick & Jarrard, PLLC**
2121 First Tennessee Plaza
800 South Gay Street
Knoxville, TN 37929-9711
(865) 524-1873 ext. 232
REJ@QCFLaw.com